IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER NO. 13 |
| | : |
| WENDELL M. ROBINSON, AND | : CASE NO. 20-13484 MDC |
| KAREN T. JARRELL-ROBINSON | : |
| | : |
| DEBTORS, | : |
| | : |
| PENNSYLVANIA DEPARTMENT | : HEARING DATE AND TIME |
| OF REVENUE, | : OCTOBER 8, 2020 @ 9:30 a.m. |
| | : |
| MOVANT, | : |
| | : |
| V. | : |
| | : |
| WENDELL M. ROBINSON, AND | : |
| KAREN T. JARRELL-ROBINSON | : |
| | : |
| RESPONDENTS, | : RELATED TO DOCKET NO. 2 |

PENNSYLVANIA DEPARTMENT OF REVENUE'S
OBJECTION TO DEBTORS' PROPOSED CHAPTER 13 PLAN

NOW COMES the Commonwealth of Pennsylvania, Department of Revenue (hereinafter "Department"), by and through its Office of Chief Counsel and Deputy Chief Counsel Jonathan W. Chatham, and files this plan objection as authorized by 11 U.S.C.§ 1324 for the following reasons to wit:

1. This objection is made on the grounds that the Plan does not comply with the provisions of Chapter 13, nor has the Plan been proposed in good faith as required by 11 U.S.C. § 1325(a)(1), and (3).  The Debtors' obligation pursuant to 11 U.S.C. § 1322(a)(2), to provide for full payment of all claims entitled to priority under 11 U.S.C. § 507 has not been met, nor have Debtors provided for full payment of the Department's claims entitled to secure status under 11 U.S.C. § 506 as required by 11 U.S.C. § 1325(a)(5).

1

2. Debtors' counsel was notified by letter dated September 9, 2020 that certain pre-petition state tax returns had not been filed. According to Department records, these returns still have not been filed. More specifically, Debtors have the following unfiled Personal Income Tax returns:

   - Wendell M. Robinson (XXX-XX-0836): 2018, and 2019; and
   - Karen T. Jarrell-Robinson (XXX-XX-4603): 2017 through 2019.

   Pursuant to the provisions of Title 11 U.S.C. § 1308(c), Debtors' proposed plan is not confirmable unless all of the tax returns are filed and all tax principal and prepetition statutory interest amounts arising from such late-filed returns are added as additional unsecured priority state tax claims within the context of Debtors' amended Chapter 13 plan. If not, no proposed plan should be confirmed pursuant to 11 U.S.C. §§ 1308 and 1322.

3. Without the filing of the outstanding tax returns the Department cannot file a complete and liquidated claim against the Debtors, and many of the missing tax returns constitute priority tax claims which must be paid in full pursuant to 11 U.S.C § 1322.

4. The Department's Proof of Claim, containing a secured tax claim in the amount of $6,754.03 is not specifically treated within the Debtors' proposed Chapter 13 Plan in the proper classification or amounts. The Department's claim is docketed on the claims register, and is identified as docket number three. As unfiled returns exist, it is impossible for the Department to determine a complete, accurate, and proper claim amount.

5. It is unclear how the Debtors intend to provide for the full payment of the Department's secured claim. The Plan should provide for the full payment of the Department's secured

claim along with accrued interest in the amount of six (6%) percent. It appears that the Debtors may be attempting to avoid the Department's tax lien(s).

   a. If the validity of a lien is in question, a Motion to Determine Secured Status under 11 U.S.C. § 506(a), must be commenced. See; Fed. R. Bankr. P. 4003(d) which provides that "[a] proceeding by the debtor to avoid a lien ... shall be by motion in accordance with Rule 9014." 11 U.S.C. § 506 determines the amount of a secured claim but does not govern the actual allowance or disallowance of a claim.

   b. In order to determine the validity, priority, or extent of a lien or other interest in property, the Debtor is required to commence an adversary proceeding under Fed. R. Bankr. P. 7001(2).

   c. Accordingly, the Debtors cannot on their own determine the secured status of the Department's lien. In re Kressler, 252 B.R. 632 (Bankr.E.D.Pa. 2000).

6. Pursuant to 11 U.S.C. § 1308, the Debtor should be required to file all outstanding tax returns at the following address:

> Pennsylvania Department of Revenue
> Office of Chief Counsel
> P.O. Box 281061
> Harrisburg, PA 17128-1061
> Attn: William R. Hatcher

Please make sure that the tax returns are signed, dated, and W-2 forms and Schedule C's are included, if appropriate.

7. Based upon Title 11 U.S.C. §§ 1308 and 1325, this post-October 17, 2005, Chapter 13 proposed plan may not be confirmed by this Court because of the Debtors' failure to file pre-petition state tax returns, as referenced above, or to provide the Department with any evidence or documentation to support why such returns need not be filed.

8. After all outstanding returns have been filed and an appropriate proof of claim can be filed by the Department, the Department believes there will be sufficient assets for the Department's liens to attach to Debtors' personal property. Nonetheless, in the event the Debtor does not have sufficient property for the Department's liens to attach to, the Department is amenable to reclassifying its claims into appropriate classifications as may be.

9. Providing for the full payment of the Department's claim would assist the Court, the Trustee, the Debtors, and the other creditors in determining the viability of the Plan.

10. The Department also objects to the confirmation of Debtors' Plan on the grounds that the Plan is underfunded.

11. Ultimately, the Department must object to the Debtors' instant Plan because it is not proposed in good faith and in compliance with 11 U.S.C. §§ 1322 and 1325.

WHEREFORE, the Department respectfully requests this Honorable Court deny confirmation of the Debtors' Proposed Chapter 13 Plan unless and until the Department's Objections have been cured and an amended plan is filed that accounts for the Department's claim(s) in the proper classification and amount.

Respectfully submitted by:

/s/   Jonathan W. Chatham
Jonathan W. Chatham
Deputy Chief Counsel
PA Department of Revenue
Office of Chief Counsel
P.O. Box 281061
Harrisburg, PA 17128-1061
PA I.D. # 209683
Phone: 717-783-3673
Facsimile: 717-772-1459